UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Life Insurance Company, | Civil No. 12-1437 (RHK/FLN) |
| Interpleader Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Jessica Richter, Tara Hoffman, | |
| and Annette Ballweber, | |
| Interpleader Defendants. | |

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 1, 2013 on the Motion "for an Order to Disperse and split funds of Father's Life Insurance Policy to Jessica and Tara" (ECF No. 5).[1] The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends the life insurance policy proceeds be awarded to Defendants Jessica Richter & Tara Hoffman.

## I.  BACKGROUND

Patrick Richter and Defendant Annette Ballweber divorced in 2008. Under the terms of the divorce decree, Defendant Ballweber was awarded, "free and clear of any interest by [Richter], ownership to" a $10,000 life insurance policy, payable upon Patrick Richter's death.

---

[1] The Court construes the matter as one involving cross-motions for summary judgment. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (liberally construing pro se motion).

Both parties are pro se. Each attached only a single page of the life insurance policy to their respective memoranda. In order to achieve the just, speedy, and inexpensive resolution of this matter, the Court contacted Molly Hamilton, counsel of record for Plaintiff Minnesota Life Insurance Company, and obtained the full text of the policy at issue in this case. The Court attaches the full text of the policy to this report and recommendation.

Compl., Ex. C at 14; *see also* Compl. ¶ 3 (the policy "insured the life of Patrick Richter"). Ballweber continued making the monthly premium payments after the divorce. *See, e.g.,* ECF No. 32, Attach. 1 at 20–22. Richter died in 2010. Compl. Ex. B. No beneficiary had been named on the policy. Compl. ¶¶ 18–19. Under the terms of the policy when no beneficiary is named, the default payment plan is to the insured's: (1) spouse, (2) children, (3) parents, (4) siblings, and (5) estate. *Id.* ¶ 19; ECF No. 31, Attach. 1 at 3. However, the owner has the power to "add or change beneficiaries if the insurance is in force and [the insurer] ha[s] written consent of any affected irrevocable beneficiaries." ECF No. 31, Attach. 1 at 3. Defendant Ballweber, the insured's ex-wife and owner of the policy, and her and the insured's two children—Defendants Jessica Richter and Tara Hoffman—dispute who is entitled to the proceeds.

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

This is an interpleader action for the proceeds of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. An employee welfare benefit plan must "specify the basis on which payments are made to and from the plan." 29 U.S.C. § 1102(b)(4). The plan administrator must act "in accordance with the documents and instruments of the plan." 29 U.S.C. § 1104(a)(1)(D). The Eighth Circuit, relying on *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009), has held that these two statutory mandates require federal district courts to make ERISA benefits determinations in accordance with the terms of the plan—not "federal common law" as supplemented by traditional state insurance and family law principles. *Matschiner v. Hartford Life & Acc. Ins. Co.*, 622 F.3d 885, 887 (8th Cir. 2010); *see also Mohamed v. Kerr*, 53 F.3d 911, 913 (8th Cir. 1995) (applying federal common law to an ERISA interpleader)*, overruled by Kennedy*, 555 U.S. at 285.

The rule espoused by *Matschiner* and *Kennedy* is called the "plan documents" rule. *Matschiner*, 622 F.3d at 887. The main benefit of the "plan documents" rule is that it provides a clear, bright-line rule for resolving disputes such as this one. *Id.* ("A straightforward rule hewing to the directives of the plan documents has the virtues of simple administration, avoiding double liability, and ensuring that beneficiaries get what's coming quickly, without the folderol essential under less certain rules.") (quoting *Kennedy*, 555 U.S. at 286). No beneficiary was named under the policy in question.[2] Under the terms of the policy when no beneficiary is

---

2   Although Defendant Ballweber had the power to name a beneficiary as the certificate owner, it appears to the Court that she failed to do so. While it is reasonable to assume, given the current procedural posture of the case, that she intended to name herself as the beneficiary, the "plan documents" rule prevents "inquiries into nice expressions of intent." *Matschiner*, 622 F.3d at 887 (quoting *Kennedy*, 555 U.S. at 301). In other words, Ballweber's intent is irrelevant.

named, the proceeds go first to the insured's spouse. If the insured has no spouse, then the benefits go to his children. The decedent Richter did not remarry, so his children Defendants Richter and Hoffman are entitled to the life insurance proceeds, which should be split evenly among them.

## III. RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that the Court award Defendants Richter and Hoffman the $8,772.93, plus interest, that the Plaintiff Minnesota Life Insurance Company deposited with the Clerk of Court.


DATED: March 14, 2013.　　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 28, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 28, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.